# TWITCHELL *v.* SMITH.

Upon an appeal from the decree of a judge of probate, the appellant is restricted to such matters as are specified in his reasons for appeal ; but the appellee is not thus confined, but may himself show error in the decree, and have it corrected.

Where, upon an appeal from the decree of a judge of probate, in the settlement of a guardian's account, it appeared upon examination of the account that the guardian, who was the appellee, had been twice charged with the same sum, it was held that the error might be corrected on the appeal, and the decree of the probate court was made to conform to the correction.

APPEAL from the decree of the judge of probate.

On the 15th day of August, 1854, Smith, the appellee, was appointed guardian of Twitchell, the appellant, as a spendthrift; and on the 5th of September following returned an inventory of his estate.

On the 24th of November, 1855, the guardianship over the appellant ceased by decree of the judge of probate, and on the 18th of December, 1855, the account of the appellee as guardian was settled in the probate court, and a decree passed. From that decree the appellant appealed, and set forth several reasons for his appeal. The case was committed to an auditor, and the other facts necessary for an understanding of the decision will be found in the opinion of the court.

*Lane,* for the appellant. The only matters before this court must be the reasons stated in the appeal. We are confined to those matters, and the other side must be confined in the same way.

As to costs, we have sustained to some degree our appeal, and are entitled to costs. Rev. Stat., chap. 170, sec. 5.

*Wheeler & Faulkner,* for the appellee. All the substantial matters have been found against the appellant. Only a few items, of small consequence, have been allowed in his favor.

We are entitled to have the error, discovered to be in our favor, corrected on this hearing. *Wendell* v. *French,* 19 N. H. 205. Costs should be taxed for us. Upon a correction of all the errors we are the prevailing party.

EASTMAN, J. The auditor to whom this case was committed has reported fully the facts, and also his conclusions upon the

matters in controversy. From his report it appears that three or four unintentional errors occurred in the credits given to the ward, and that the guardian should have been charged for these sums, which amount in all to $10. The principal matters claimed by the appellant are disallowed by the auditor, for reasons stated by him, and which are satisfactory to the court. No question of law is involved in them, and it is unnecessary to consider them further.

Were these the only matters disclosed in the report, the proceedings in the probate court would have to be changed only so far as to charge the appellant with an additional sum of $10.

But, upon the examination before the auditor, an error was discovered in the account, by which it appears that the appellee was twice charged with the sum of $75.77 ; and if that error can be corrected on this appeal, the decree of the probate court will have to be so changed as to make a difference of $65.77 in favor of the appellee.

In an appeal from a decree of the judge of probate, the appellant is restricted to such matters as are specified in the reasons for the appeal. This was the rule laid down in *Bean* v. *Burleigh,* 4 N. H. 550, and it is affirmed in *Mathes* v. *Bennett,* 1 Foster 188. This rule, it is said, imposes no hardship upon the appellant, for he is at liberty to state as many reasons as he chooses ; and the appellee should have notice of what matters are to be contested in this court.

But can the appellee, who has claimed no appeal, have the decree opened so far as he is concerned ? In *Wendell* v. *French,* 19 N. H. 205, it was held that he could, and that on appeal taken he might show error in the decree, and have it corrected. And in that case charges of the appellee, which had been disallowed by the probate court, were allowed by the superior court, and the decree made to conform to such allowances.

We are not inclined to disturb the rule there laid down. We do not discover that it can work hardship to any one, but on the contrary may save expense to all parties. It may also act as a salutary check against hasty appeals. If the rule is understood

to be that an appeal opens the case on the part of the appellant to the extent to which he may assign causes of appeal, and also that the appellee may show error in the decree, the appellee will have notice of the claim of the appellant, while the appeal itself will be notice to the appellant that the appellee may contest the decree.

In the present case it is manifest that an error of $75.77 was committed against the appellee in the settlement of his account in the probate court. If it can not be corrected on this appeal, he will be compelled to petition this court for leave to appeal, and obtain his rights in that way. This would be a hardship upon him, and would subject all the parties to unavoidable costs. We think this case is one in point, as showing the propriety of the rule.

On the settlement of the account in the probate court, a balance of $8.33 was found against the guardian. Add to that the error of $10, with which he should have been charged, and then deduct the amount from the $75.77, and the true sum, ($57.44,) is found, for which the appellee should have a decree, and proceedings must be had in the probate court accordingly.

As the appellee has prevailed in the most important matter, the appellant is not entitled to costs, but each party must pay his own costs. Such is the well established rule. *Griswold* v. *Chandler*, 6 N. H. 61; *Leavitt* v. *Worster*, 14 N. H. 566; *Mathes* v. *Bennett*, 1 Foster 188; *Clarke* v. *Clay*, 11 Foster 393.